# Smith *versus* Van Horne.

1. That a question of law may be reserved, a party has the right to require that disputed facts should be found specially by a jury, and so appear in the record.

2. If this be not done, he can require the judge to state a bill of exceptions to the reservation in any other mode.

3. When it did not appear, by the certificate of the judge below, that the facts were disputed, it will be presumed that his statement of facts had been acquiesced in.

4. If it did appear that the facts were disputed, the Supreme Court will not notice this without an exception.

October 24th 1872. Present Thompson, C. J., Read, Agnew, and Sharswood, JJ.

Error to the Court of Common Pleas of *Crawford county:* No. 17, to October and November Term 1872.

This was an action of assumpsit, brought to June Term 1870, of the court below, by James H. Smith against Thomas B. Van Horne.

It appeared that the plaintiff had sold certain personal property to defendant, and in payment he assigned to the plaintiff his title to certain real estate owned by him. The plaintiff, alleging that the title to the land was worthless, brought this suit to recover the value of the goods sold to the defendant. The parties gave evidence in support of their case respectively.

The defendants submitted a number of points which the court

[Smith *v.* Van Horne.]

below (Lowrie, P. J.) did not answer, but reserved certain questions of law.

The jury found for the plaintiff $1254.

Judge Lowrie's opinion, in passing on the reserved points, is as follows :—

" The plaintiff sold to the defendant his livery stable stock, and, in part payment therefor, accepted a conveyance of a tract of land in a distant state.   The plaintiff afterwards discovered that the title thereto was worthless—or thought he did—and claimed to be paid in money the amount for which he had accepted it.   The defendant disputed his liability to make the amount good and according to the theory of the plaintiff's case (afterwards found by the verdict), a treaty of compromise was held between them, in which it was agreed that in place of the land the defendant should pay the plaintiff $1200, one-half in one year and one-half in two years, with promissory notes and security therefor.   The defendant afterwards denied the agreement and refused to perform it, and hence this suit, in which the plaintiff declares in assumpsit on the common counts, including one for goods sold and delivered. The questions reserved on objections made by defendant's counsel are :  ' Is assumpsit the proper form of action for the case ?   Is any one of the counts sufficient for it ?   Can the plaintiff sue without a previous tender of a reconveyance of the land ? ' and the verdict was taken subject to the opinion of the court on these reserved questions.

" And now, December 4th 1871, after hearing, we decide all these points in favor of the plaintiff, and direct judgment to be entered on the verdict on payment of the jury fee, and stay of execution thereon until the plaintiff shall have filed with the prothonotary a reconveyance of the land to the defendant, to be delivered to him when he shall have paid the judgment.   To which judgment of the court the defendant did then and there except, and prayed the court to seal a bill of exceptions in testimony thereof, which is done accordingly.    W. H. LOWRIE,   [L. S.]
                                                              P. J."

The defendant took a writ of error, and assigned the following errors :—

" The court erred in entering judgment for the plaintiff in this case for twelve hundred and fifty-four dollars.

" The court erred in certifying disputed facts against the consent of counsel."

*C. R. Marsh* and *W. R. Bole*, for plaintiff in error.—Questions of fact are to be determined by the jury or agreement of parties ; they cannot be determined by the court : Winchester *v.* Bennett, 4 P. F. Smith 510 ; Robinson *v.* Myers, 17 Id. 9 ; Campbell *v.* O'Neill, 14 Id. 292.

[Van Horne *v.* Smith.]

*M. P. Davis* and *S. N. Pettis*, for defendant in error.—The failure of the consideration of a contract will sustain an action of assumpsit: Crossgrove *v.* Himmelrich, 4 P. F. Smith 203. Tort may be waived and assumpsit adopted: Stockton's Appeal, 14 P. F. Smith 58; Babcock *v.* Case, 11 Id. 427.

The opinion of the court was delivered, November 4th 1872, by SHARSWOOD, J.—We have upon this record but a single exception to the judgment of the court below upon points reserved as arising upon facts stated in the bill of exception. If these were the facts of the case there can be no question that the judgment was right. But the plaintiff here assigns as error that the court below erred in certifying disputed facts against the consent of counsel. But how does that appear? *Omnia præsumuntur rite esse acta.* If it did appear how can we notice it without an exception? The plaintiff has no other exception except the bill in question, and that does not show any exception to the statement of the facts. One of the facts, and the principal one, the judge certified to have been found by the jury. This is certainly a very irregular and unlawful manner of making out a bill of exceptions, and if an exception had appeared it could not have stood for a moment. The defendant had a right to require the disputed facts to be submitted and found specially by the jury, so that they should appear in the record as part of the verdict if it was proposed to reserve a question of law. If this was not done he should have required the judge to state a bill of exceptions to the reservation in any other mode. If the judge refused to answer the defendant's points a bill should have been tendered to such refusal. It is certainly asking too much of this court to presume that the learned judge, without the consent or acquiescence of the parties, undertook in his bill to find the fact as well as to decide the law.

Judgment affirmed.